UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIDELITY NATIONAL INFORMATION SERVICES, INC.,

          Plaintiff,

-against-

SETH N. ROTHMAN,

          Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/2007

**ORDER TO SHOW CAUSE**
**WITH TEMPORARY**
**RESTRAINING ORDER**

Upon reading and filing the Complaint, the accompanying Affidavit of Richard Levy and Affirmation of Andrew Marks, and the exhibits annexed thereto, and the accompanying memorandum of law, it is

**ORDERED** that the above named defendant show cause before this Court, at Courtroom 12B, United States Courthouse, Southern District of New York, 500 Pearl Street, New York, NY on September 14, 2007, at 3:00 P.M. o'clock in the after noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

    (i) enjoining Seth N. Rothman, during the pendency of this action, from competing directly or indirectly with Fidelity National Information Services, Inc.'s ("ACBS") business, by continuing employment with IntraLinks, Inc., or other entity that offers products or services that compete directly with those offered by ACBS;

    (ii) enjoining Seth N. Rothman, during the pendency of this action, from using or disclosing ACBS's trade secrets and confidential and proprietary information ("Confidential Information") or property ("Confidential Information" and "Work

Product") as specifically set forth in defendant's Confidentiality, Work Product And Non-Competition Agreement dated October 4, 2002;

(ii) directing Seth N. Rothman to return immediately all ACBS property to ACBS, including all originals and copies of documents and computer memory containing Confidential Information, including, but not limited to: all computer programming code (source code) associated with SyndTrak or other proprietary ACBS products or software systems, product plans, marketing plans, pricing information, client lists, prospects, business plans, forecasts, strategies, client contract terms, and any client financial or customer information; and

(iv) directing Seth N. Rothman to make his personal computer(s) available for screening by a computer forensic expert to ensure the return of all computer memory containing Confidential Information, including, but not limited to: all computer programming code (source code) associated with SyndTrak or other proprietary ACBS products or software systems, product plans, marketing plans, pricing information, client lists, prospects, business plans, forecasts, strategies, client contract terms, and any client financial or customer information; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed.R.Civ.P., the Seth N. Rothman is temporarily restrained and enjoined from:

(i) competing directly or indirectly with ACBS's business, by working for IntraLinks, Inc., or other entity that offers products or services that compete directly with those offered by ACBS on any matter relating to debt capital markets, or contacting any customers that he dealt with while in the plaintiff's employment;

2

(ii) using or disclosing ACBS's trade secrets and confidential and proprietary information ("Confidential Information") or property ("Confidential Information" and "Work Product") as specifically set forth in defendant's Confidentiality, Work Product And Non-Competition Agreement dated October 4, 2002;

(iii) accessing or altering in any way his personal computer(s); and it is further

**ORDERED THAT SETH N. ROTHMAN SHALL** return immediately all ACBS property to ACBS, including all originals and copies of documents and computer memory containing Confidential Information, including, but not limited to: all computer programming code (source code) associated with SyndTrak or other proprietary ACBS products or software systems, product plans, marketing plans, pricing information, client lists, prospects, business plans, forecasts, strategies, client contract terms, and any client financial or customer information; and it is further

**ORDERED** that security in the amount of $5,000 be posted by the plaintiff prior to September 6, 2007, at 5:00 o'clock in the a.m. noon of that day; and it is further

**ORDERED**, that personal service of a copy of this order and the annexed affidavit upon the defendant or his counsel on or before 5:00 o'clock in the a.m. noon, August 31, 2007, shall be deemed good and sufficient service thereof. Responsive papers must be submitted by September 10, 2007. Reply papers must be submitted by September 12, 2007.

Dated: New York, New York
August 31, 2007
2:00 P.M.

_____
UNITED STATES DISTRICT JUDGE

3