

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

        Plaintiff,

- v -

SETH N. ROTHMAN,

        Defendant.

---

Index No. 07 Civ. 7756 (JGK)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties hereto are presently engaged in discovery; and

WHEREAS, some information sought by the parties or contained in documents sought by the parties is considered to be of a confidential and/or proprietary nature; and

WHEREAS, the purpose of this Confidentiality Stipulation and Protective Order is to permit the parties to discover such information and documents pursuant to procedures designed to protect the confidentiality of that material;

IT IS HEREBY STIPULATED, as follows:

1. <u>Definition Of Confidential Information</u>. There will be two levels of confidentiality of Discovery Material: "Confidential" and "Attorneys Eyes Only." Confidential information, for the purposes of this Stipulated Protective Order, is any trade secret or other confidential or commercially sensitive, technical, or financial information. Attorneys Eyes Only information is: (a) any extremely sensitive trade secret or other proprietary, commercially sensitive, technical, or financial information, or information containing business policy, strategic planning, or competitive analysis, research, development, or commercial information deemed sufficiently confidential that there is a significant risk of injury to the designating party if the Discovery Material is disclosed to

any Party or any officers, directors, or employees of any of the Parties; or (b) information regarding the Parties' current or former employees' terms and conditions of employment, including, but not limited to, personnel and compensation information. If a designation of Confidential or Attorneys Eyes Only is challenged, the designating party bears the burden of demonstrating the propriety of the designation.

2. <u>Designation of Confidentiality</u>.

(a) All Discovery Material a Party or Nonparty Witness wishes to designate as Confidential or Attorneys Eyes Only as defined above shall be so designated in the following manner:

(i) In the case of written Discovery Material, by stamping (without obscuring the legibility of the document) the Discovery Material with the words "Confidential" or "Attorneys Eyes Only" on each page of the document deemed to be Confidential or Attorneys Eyes Only, or upon the disk, tape or other information storage device. In the alternative, if the written Discovery Material to be so designated is substantially voluminous, it may be designated by stamping the first page of each document (for multiple page documents), and designating the documents so designated by Bates Stamp number in writing delivered to all other parties.

(ii) In the case of deposition testimony, by stating orally on the record that such testimony is Confidential or Attorneys Eyes Only.

2

(b) A Party's initial failure to designate its own or someone else's Discovery Material as Confidential or Attorneys Eyes Only shall not preclude that Party's so designating it at a later date.

3. <u>Restrictions on Access to Confidential and Attorneys Eyes Only Information</u>.

(a) Information designated as "Confidential" may be shown or be accessible to:

(i) Parties, and current and former officers, directors and managerial employees of the Parties to the Action, solely for purposes of prosecuting or defending the Action;

(ii) counsel of record for the Parties to the Action, including attorneys, paralegals, regular and temporary employees, contractors, agents, and support staff of said counsel, as well as experts and consultants and their employees retained by such counsel of record for the purpose of prosecuting or defending the Action;

(iii) in-house corporate counsel of the Parties, solely for purposes of assisting counsel of record in prosecuting or defending the Action, and without divulging such information to any other current or former officers, directors or employees of the Parties;

(iv) any person who has prepared or received such document containing Confidential or Attorneys Eyes Only information in the ordinary course of his or her employment for a purpose unrelated to this Action;

3

(v) the Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors; and

(vi) vendors and other litigation support services used by counsel for the Parties for the purpose of photocopying, imaging, coding, storing, or otherwise handling documents produced in the Action.

(b) Information designated as "Attorneys Eyes Only" may be shown or be accessible only to those categories of persons listed in subparagraphs (a)(ii) and (a)(iv) through (a)(vi), but not (a)(i) or (a)(iii), above.

4. <u>Use and Disclosure of Confidential or Attorneys Eyes Only Information</u>. No person receiving Confidential or Attorneys Eyes Only information pursuant to this Confidentiality Stipulation and Protective Order shall use it for any purpose other than prosecuting or defending the Action, including any appeals thereof. Counsel and experts, and their employees and assistants, and any officers, directors, or employees of the Parties receiving any Confidential or Attorneys Eyes Only information, either in original or derivative form, agree not to disclose, make available, or communicate such information to any other person in violation of this Confidentiality Stipulation and Protective Order; except that nothing shall prevent disclosure beyond the terms of this Confidentiality Stipulation and Protective Order prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

5. <u>Filing with the Court</u>. In any submission to the Court, every document, memorandum, brief, motion, deposition transcript, or other item containing or referring to Confidential or Attorneys Eyes Only information shall be filed with the Clerk under seal, and such material shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL -- FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of the Action, and a statement substantially in the following form:

### CONFIDENTIAL

This envelope contains documents that are subject to a Confidentiality Order. This envelope shall neither be opened nor the contents revealed except at the direction of the Court.

The Clerk shall maintain such documents under seal and such documents, so filed, shall only be available for inspection by the Court and by counsel of record to the Parties.

6. In the event that a party objects to the designation of certain information as Confidential or Attorneys Eyes Only, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the objecting party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as Confidential or Attorneys Eyes Only under the terms of this Confidentiality Stipulation and Protective Order.

7. <u>Inadvertent Disclosure</u>. If, as a result of inadvertence or other excusable reason, a party or witness has heretofore produced or disseminated a document or information or hereafter produces a document containing Confidential or Attorneys Eyes Only information without designating that document as Confidential or Attorneys Eyes Only, the producing Party or Nonparty Witness may retroactively designate the document

as Confidential or Attorneys Eyes Only by informing the Party or Parties to whom he, she, or it has produced such document of the identification or number(s) of the document they desire to designate as Confidential or Attorneys Eyes Only. Such document shall be treated as Confidential or Attorneys Eyes Only pursuant to this Confidentiality Stipulation and Protective Order from and after the date the receiving party or parties receive such designation.

8. Nothing in this Confidentiality Stipulation and Protective Order shall prejudice any party from seeking modification of this Confidentiality Stipulation and Protective Order.

9. At the conclusion of this action, each party shall return to the other all documentary material embodying information designated by the other as Confidential and Attorneys Eyes Only, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such confidential records, provided he/she/it does so promptly at the conclusion of this action and certifies to opposing counsel in writing the date of destruction accompanied by reasonable description of the documents destroyed.

10. This Confidentiality Stipulation and Protective Order may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

11. The terms of this Confidentiality Stipulation and Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

By: _____
Andrew P. Marks (AM-0361)
Gregory B. Reilly (GR-6189)
Littler Mendelson, P.C.
Attorneys for Plaintiff
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 583-9600

By: _____
John P. Barry
Proskauer Rose LLP
Attorneys for Defendant
One Newark Center
Newark, New Jersey 07102-5211
(973) 274-3200

So Ordered:

_____
Koeltl, J.
United States District Court Judge

10/4/07

7

This Order is not binding on the Court or Court personnel. The Court reserves the right to modify this Order at any time.

So ordered.
Koeltl
U.S.D.J.
10/4/07