```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIDELITY NATIONAL INFORMATION   )
SERVICES, INC.,                 )
                                )
       Plaintiff,               )     Case No. 07 Civ. 7756 (JGK)
                                )
v.                              )
                                )     **STIPULATION** and Order
SETH N. ROTHMAN,                )
                                )
       Defendant.               )
_____)

**IT IS HEREBY STIPULATED** by plaintiff Fidelity National Information Services, Inc. (hereinafter "ACBS"), and Defendant Seth N. Rothman (hereinafter "Rothman") as follows:

(1) The parties intend that this Stipulation be "So Ordered" by the Court, and that the Court retain jurisdiction for matters consistent with this Stipulation.

(2) Rothman shall not use or disclose ACBS's Confidential Information, as defined in Rothman's Confidentiality, Work Product and Non-Competition Agreement (the "Agreement") and shall otherwise comply with the terms of the Agreement, except as may be modified by this Stipulation.

(3) Rothman shall not become self-employed, or solicit, accept, or retain employment with IntraLinks, Salesforce.com, the Navatar Group, or any business which competes with ACBS, by developing and/or selling software to persons or entities in the debt capital market, until after September 11, 2008. Rothman will provide ACBS with 5 business days' notice of intention to accept employment with any entity.

      deleted from the laptop external hard drive and any other electronic device and Rothman's personal information may be deleted from the iBackup site.

   e. Rothman shall provide, within five days after ACBS's review, a sworn verification that (i) he has returned to ACBS all Confidential Information that may be in his possession; (ii) he has not made or retained any copies of any Confidential Information.

   f. Rothman shall reasonably cooperate with ACBS by submitting to examination under oath on October 25 2007 or such other reasonably prompt date as may be mutually agreeable, regarding alleged dissemination of Confidential Information, including but not limited to identifying all product development or marketing meetings with IntraLinks, the subject matter of such meetings, the attendees at such meetings and any information he brought to such meetings.

(5) Within twenty days, IntraLinks shall certify that it has: (i) disclosed all documents received from Rothman that reflect or facilitate access to non-public SyndTrak-related information, including scripts enabling clients to retrieve their data from the SyndTrak system; (ii) all such files and data have been deleted from IntraLinks' active systems and maintained in not generally accessible archives.

(6) ACBS and IntraLinks agree to comply with their obligations under the Federal Rules of Civil Procedure to preserve evidence relevant to the subject of this litigation until ACBS and IntraLinks agree in writing that such preservation is no longer required.

(4) Rothman will provide ACBS with access to his laptop and external hard drive and iBackup account with which he performed ACBS work, or which may contain Confidential Information, (Rothman affirms and represents that there are no other electronic devices), as follows:

   a. Within three business days, Rothman shall arrange with DMG Consulting LLC to make a mirror image of Rothman's laptop, iBackup account and external hard drive. DMG Consulting LLC shall maintain the images in its sole possession until further notice from ACBS. If there is no such notice from ACBS by September 11, 2009, the images shall be destroyed. DMG Consulting LLC shall not permit either party to possess these images unless it receives joint authorization from ACBS and Rothman, or an Order of the Court so directs. Any application by either party to the Court for such an Order will be made on notice to the other party, with opportunity to be heard.

   b. Immediately following the mirror imaging, Rothman shall provide ACBS with the user ID and password to access to the Ibackup site. Rothman may modify the password access name so that it is different from the password he generally uses.

   c. ACBS will not use or disclose Rothman's personal information or information related to his other work other than to counsel.

   d. Within ten business days, Subir Vakil, in Rothman's presence, will review the contents of Rothman's laptop, external hard drive, any other electronic device produced. Any Confidential Information will then be permanently

(7) All claims and counterclaims filed and/or to be filed in connection with this matter be, and are hereby voluntarily dismissed, without prejudice, and without fees or costs as to any party.

(8) ~~This Stipulation is confidential. The parties shall not disclose this Stipulation, or the content hereof, except as necessary to enforce same.~~

(9) The entry of this Stipulation will not result in any fees or costs to any party.

Dated: New York, New York
October 18, 2007

THE HON. JOHN G. KOELTL, U.S.D.J.

APPROVED AS TO FORM AND CONTENT:

Andrew P. Marks (AM 0361)
LITTLER MENDELSON, P.C.
885 Third Avenue
New York, New York 10022-4834
Attorneys for Plaintiff

Dated: October 16, 2007

John P. Barry (JB 6489)
PROSKAUER ROSE LLP
One Newark Center, 18th Floor
Newark, New Jersey 07102
Attorneys for Defendant

Dated: October 16, 2007

Firmwide:83208179.2 057305.1003